Gregg v. Hord.

JOSEPH GREGG

v.

GEORGE M. HORD.

*Partnership—Accounting—Evidence.*

Upon a bill for an accounting, this court holds that the evidence sustains
the decree of the court below allowing certain items for clerical hire, interest
and office expenses as partnership expenses.

[Opinion filed January 16, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. F. J. SMITH & HELMER, for appellant.

Mr. E. A. OTIS, for appellee.

GARY, J.  The parties to this suit entered into a partnership on the 1st of November, 1881, under an agreement as follows:

"CHICAGO, ILL., November 1, 1881.

"The undersigned, Geo. M. Hord and Joseph Gregg, have this day formed a copartnership for the transaction of a legitimate commission business, based on cash orders.  Geo. M. Hord to furnish the capital required and to pay all office and clerical expenses and stationery bills.  Profits and losses to be equally divided, after paying cost of telegrams and other expenses incidental to the cash business.  This partnership to last for five years, unless sooner dissolved by mutual consent or by death of one of the contracting parties.  Joseph Gregg to give his entire time and attention to the business.  As a protection to Geo. M. Hord against losses, Joseph Gregg shall each year leave undrawn one thousand dollars of his share of the profits, which shall accumulate as additional capital until the termination of this contract, when the amount shall be paid over to Joseph Gregg.

                    (Signed)       "GEO. M. HORD,
                                    "JOSEPH GREGG."

This partnership continued until the 1st of May, 1886, when it was terminated by the withdrawal of the appellant. On the 31 of May, 1886, the appellee made a demand upon the appellant for $2,100 on account, upon a brief statement then rendered of the accounts between them, and on the 21st of the same month this bill was filed by the appellant for an account of the partnership affairs.

That accounting resulted in a decree against appellant for $2,639.31, from which this appeal was taken.  The original claims of the respective parties have been so narrowed by

Gregg v. Hord.

themselves that the only questions now awaiting decision are upon the allowance in the Superior Court, as partnership expenses, of $4,094.05 for clerical expenses, $450.06 for interest paid, and $150.10 for office expenses, such as towels, stationery, etc. As to these last two sums the only evidence whether they are correct or incorrect is pencil memoranda taken by the appellant, as he says, from the books, and his statement that they are wrongly charged. The many small items which make up these two sums were entered from time to time, through the whole course of the business, in books which the appellant frequently examined, but he now says that he did not know that such items were so entered. The appellee says he never knew anything about them.

The argument is that, as by the original agreement the appellee was to furnish the capital and pay the office expenses, those items are necessarily wrong. The sufficient reply is that the business actually conducted by the partnership was not restricted to that for which it was created, but extended to such as required a greater use of money, which accounts for the interest; and the ambiguity of the agreement as to " expenses incidental to cash business," puts the burden upon appellant of showing clearly how it is that, after he has so long acquiesced, the items making up the $150.10 are wrong; $1.80 is for towels, which are probably no more incidental to a cash business than to any other done with clean hands, but the residue of the items, in their nomenclature, do not indicate whether they were peculiarly incidental to the business of the partnership or not. As to the $4,095.05 for clerical expenses, there is very satisfactory proof, supported by the book-keeping, that the parties, for the convenience of the appellant and at his request, employed a stenographer in addition to the clerical force originally intended, upon his undertaking to bear the additional expense.

Judge Garnett, having tried this case in the Superior Court, takes no part in this decision. The decree is affirmed.

*Decree affirmed.*